JEROME M. ST. JOHN, ESSEX COUNTY COUNSEL
By: Alan Ruddy, Esq., Assistant County Counsel Attorney ID#002411975
Office of the Essex County Counsel
Hall of Records, Room 535, 465 Dr. Martin Luther King, Jr., Blvd., Newark, NJ 07102
(973) 621-5021
(Attorney for Defendants, County of Essex, Essex County Sheriff's Office, Essex County Sheriff Amir D. Jones, Former Essex County Sheriff Armando B. Fontoura and Albert Hanna )

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Civil Action No. 2:26-cv-05750-MEF-JSA

| | |
|---|---|
| OUMAR SAVANE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NEWARK, NEWARK POLICE DEPARTMENT, NEWARK POLICE CHIEF SHARONDA MORRIS, in her Official and Individual Capacity, SHAKUR ALLEN-JONES, Individually, LUIS GALLEGOS-VELIZ, Individually, ERIK BLOUNT, Individually, ESSEX COUNTY SHERIFF'S OFFICE, ESSEX COUNTY SHERIFF AMIR D. JONES, In his official and individual capacity; FORMER ESSEX COUNTY SHERIFF ARMANDO B. FONTOURA, in his official and individual Capacity, ALBERT HANNA, JOHN/JANE DOES 1-10 (fictitious defendants) and ABC ENTITIES 1-10 (fictitious entities) j/s/a<br><br>Defendants. | Civil Action<br><br>**ANSWER** |

Defendants, County of Essex, Essex County Sheriff's Office, Essex County Sheriff Amir D. Jones, Former Essex County Sheriff Armando B. Fontoura and Albert Hanna, by way of answer to the within complaint say:

## SUMMARY

1. They admit the allegations of paragraph 1 of plaintiff's complaint.

2. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 2, 3 and 4 of plaintiff's complaint.

3. They deny the allegations of paragraph 5 of plaintiff's complaint.

4. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 6 through 11 of plaintiff's complaint.

## PARTIES, JURISDICTION AND VENUE

5. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 12 through 19 of plaintiff's complaint.

6. They admit the allegations of paragraph 20 of plaintiff's complaint.

7. They deny the allegations of paragraph 21 of plaintiff's complaint.

8. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 22 of plaintiff's complaint.

9. They deny the allegations of paragraph 23 of plaintiff's complaint.

10. They admit the allegations of paragraph 24 of plaintiff's complaint.

11. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 25 of plaintiff's complaint.

12. They admit the allegations of paragraphs 26 through 29 of plaintiff's complaint.

## STATEMENT OF FACTS

13. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 30 through 50 of plaintiff's complaint.

14. They deny the allegations of paragraphs 51 through 53 of plaintiff's complaint.

15. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 54 through 97 of plaintiff's complaint.

16. They admit the allegations of paragraphs 98 and 99 of plaintiff's complaint.

**COUNT 1**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

17. They deny the allegations of paragraphs 100 and 101 of plaintiff's complaint.

18. As to paragraphs 102 through 104 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

19. They deny the allegations of paragraphs105 and 106 of plaintiff's complaint.

20. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 107 through 125 of plaintiff's complaint.

21. They deny the allegations of paragraphs 126 through 128 of plaintiff's complaint.

22. As to paragraph 129 of plaintiff's complaint, this claim is a legal principle rather than fact not needing an answer.

23. They deny the allegations of paragraphs 130 through 133 of plaintiff's complaint.

## COUNT II

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

24. They deny the allegations of paragraph 134 of plaintiff's complaint.

25. As to paragraphs 135 and 136 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

26. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 137 of plaintiff's complaint.

27. As to paragraph 138 of plaintiff's complaint, this claim is a legal principle rather than fact not needing an answer.

28. They deny the allegations of paragraph 139 of plaintiff's complaint.

29. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 140 through 144 of plaintiff's complaint.

30. They deny the allegations of paragraph 145 of plaintiff's complaint.

31. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 146 through 155 of plaintiff's complaint.

32. They deny the allegations of paragraphs 156 through 160 of plaintiff's complaint.

33. As to paragraph 161 of plaintiff's complaint, this claim is a legal principle rather than fact not needing an answer.

34. They deny the allegations of paragraphs 162 through 165 of plaintiff's complaint.

**COUNT III**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

35. They deny the allegations of paragraph 166 of plaintiff's complaint.

36. They admit the allegations of paragraph 167 of plaintiff's complaint.

37. As to paragraphs 168 and 169 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

38. They deny the allegations of paragraphs 170 through 178 of plaintiff's complaint.

**COUNT IV**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

39. They deny the allegations of paragraph 179 of plaintiff's complaint.

40. As to paragraphs 180 and 181 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

41. They deny the allegations of paragraphs 182 through 188 of plaintiff's complaint.

**COUNT V**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

42. They deny the allegations of paragraph 189 of plaintiff's complaint.

43. As to paragraphs 190 through 193 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

44. They deny the allegations of paragraphs 194 and 195 of plaintiff's complaint.

45. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 196 through 216 of plaintiff's complaint.

46. They deny the allegations of paragraphs 217 and 218 of plaintiff's complaint.

**COUNT VI**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

47. They deny the allegations of paragraph 219 of plaintiff's complaint.

48. As to paragraphs 220 and 221 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

49. They deny the allegations of paragraphs 222 and 223 of plaintiff's complaint.

50. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 224 and 225 of plaintiff's complaint.

51. They deny the allegations of paragraphs 226 through 228 of plaintiff's complaint.

**COUNT VII**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

52. They deny the allegations of paragraphs 229 through 235 of plaintiff's complaint.

53. As to paragraph 236 of plaintiff's complaint, this claim is a legal principle rather than fact not needing an answer.

54. They deny the allegations of paragraphs 237 of plaintiff's complaint.

55. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 238 through 241 of plaintiff's complaint.

56. They deny the allegations of paragraphs 242 and 243 of plaintiff's complaint.

**COUNT VII**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

57. They deny the allegations of paragraph 244 of plaintiff's complaint.

58. As to paragraphs 245 and 246 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

59. They deny the allegations of paragraphs 247 through 250 of plaintiff's complaint.

60. As to paragraph 251 of plaintiff's complaint, this claim is a legal principle rather than fact not needing an answer.

61. They deny the allegations of paragraphs 252 and 253 of plaintiff's complaint.

62. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 254 through 256 of plaintiff's complaint.

63. They deny the allegations of paragraphs 257 through 264 of plaintiff's complaint.

**COUNT IX**

**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

64. They deny the allegations of paragraph 265 of plaintiff's complaint.

65. As to paragraphs 266 and 267 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

66. They deny the allegations of paragraphs 268 and 269 of plaintiff's complaint.

67. As to paragraph 270 of plaintiff's complaint, this claim is a legal principle rather than fact not needing an answer.

68. They deny the allegations of paragraphs 271 through 278 of plaintiff's complaint.

69. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 279 of plaintiff's complaint.

70. As to paragraph 280 of plaintiff's complaint, this claim is a legal principle rather than fact not needing an answer.

71. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 281 and 282 of plaintiff's complaint.

72. They deny the allegations of paragraphs 283 through 288 of plaintiff's complaint.

**COUNT X**

**VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT (SECTION 10:6-2)**

73. They deny the allegations of paragraph 289 of plaintiff's complaint.

74. As to paragraphs 290 and 291 of plaintiff's complaint, these claims are a legal principle rather than fact not needing an answer.

75. They deny the allegations of paragraphs 292 through 295 of plaintiff's complaint.

**COUNT XI**

**TORTIOUS AND/OR UNCONSTITIONAL CONDUCT OF DEFENDANTS JOHN/JANE DOES 1-10 AND ABC ENTITIES 1-10**

76. They deny the allegations of paragraph 296 of plaintiff's complaint.

77. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 297 of plaintiff's complaint.

78. They deny the allegations of paragraphs 298 and 299 of plaintiff's complaint.

79. They are without knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 300 and 301 of plaintiff's complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, County of Essex, Essex County Sheriff's Office, Essex County Sheriff Amir D. Jones, Former Essex County Sheriff Armando B. Fontoura and Albert Hanna demand judgment dismissing any crossclaims for contribution and indemnification, for cost of suit, attorneys' fees and for any other relief that the Court deems proper and just.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The complaint is barred by the Statutes of Limitations in N.J.S.A. 59:8-8 and N.J.S.A. 2A:14-2.

## THIRD SEPARATE DEFENSE

Negligence, if any, on the part of these defendants was not the proximate cause of any injuries which may have been sustained by the plaintiff.

## FOURTH SEPARATE DEFENSE

The complaint is barred by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:l-l et seq.

## FIFTH SEPARATE DEFENSE

Damages, if any, sustained by the plaintiff were the result of the actions of the third parties over whom these defendants exercised no control.

## SIXTH SEPARATE DEFENSE

Damages, if any, were the result of the sole and/or comparative negligence of the plaintiff.

## SEVENTH SEPARATE DEFENSE

The defendants assert any and all defenses and limitations made available to them by the New Jersey Tort Claims Act, **N.J.S.A**. 59:1-1, et seq.

**EIGHTH SEPARATE DEFENSE**

The County of Essex is a public entity and is immune from liability under the provisions of **N.J.S.A.** Sec. 59:23 and 59:3-2 when in the face of competing demands it determines, in the exercise of its discretion the manner in which existing resources, equipment, facilities and personnel shall be utilized.

**NINTH SEPARATE DEFENSE**

The County of Essex is immune from suit pursuant to the provisions of **N.J.S.A**. 59:-6 in that it is not liable for injury caused by the failure to make any inspection or the making of any inadequate or negligent inspection of property.

**TENTH SEPARATE DEFENSE**

The actions of the County of Essex, its agents, servants and/or employees to protect against the alleged dangerous condition or the failure to take such actions were not palpably unreasonable.

**ELEVENTH SEPARATE DEFENSE**

The plaintiff is barred from recovery as a matter of law since the alleged claim was not made and perfected in the manner and within the time provided and required by law, statute, rule, regulation or contract upon which it is predicated.

**TWELFTH SEPARATE DEFENSE**

Any recovery to which the plaintiff might otherwise be entitled is subject to the limitations on judgment provided in **N.J.S.A**. 59:9-2.

## THIRTEENTH SEPARATE DEFENSE

No liability can be imposed upon these defendants for failure to guard against a dangerous condition since the conditions precedent to the imposition of such liability pursuant to **N.J.S.A**. 59:4-l, et seq. have not been met.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff has failed to comply with the procedures for the presentation of claims against public entities mandated by Chapter 8 of the New Jersey Tort Claims Act.

## FIFTEENTH SEPARATE DEFENSE

These defendants are not liable for injury caused by an approved plan or design in the construction or improvement of public property as set forth in **N.J.S.A**. 59:4-6.

## SIXTEENTH SEPARATE DEFENSE

These defendants are not liable for claims arising out of a failure to provide supervision of public recreational facilities, **N.J.S.A**. 59:2-7 and 3-11.

## SEVENTEENTH SEPARATE DEFENSE

These defendants are not liable for claims arising out of conditions of any unimproved property **N.J.S.A**. 59:4-8.

## EIGHTEENTH SEPARATE DEFENSE

These defendants are not liable for claims arising out of a failure to provide sufficient equipment, personnel or facilities in a prison or other correctional facilities **N.J.S.A**. 59:-5-1.

## NINETEENTH SEPARATE DEFENSE

These defendants are not liable for claims arising out of a failure to make an arrest or retain an arrestee in custody **N.J.S.A.** 59:5-5.

## TWENTIETH SEPARATE DEFENSE

These defendants are not liable for claims arising out of a failure to provide medical, or psychiatric facilities nor for failure to provide sufficient equipment, personnel or facilities at such institution **N.J.S.A**. 59:6-2.

## TWENTY-FIRST SEPARATE DEFENSE

These defendants are not liable for claims arising out of a failure to make physical or mental examinations, or a failure to make an adequate physical or mental examination, to determine whether a person has a condition constituting a hazard to the health or safety or anyone **N.J.S.A**. 59:6-4.

## TWENTY-SECOND SEPARATE DEFENSE

These defendants are not liable for claims arising out of a diagnosis, or a failure to diagnose, that one is afflicted with mental illness or drug dependency, or a failure to prescribe therefore **N.J.S.A**.59:6-5.

## TWENTY-THIRD SEPARATE DEFENSE

These defendants are not liable for claims arising out of a determination whether to confirm one for mental illness or drug dependence, or a determination regarding the terms and conditions of such confinement **N.J.S.A**. 59:4-5.

## TWENTY-FOURTH SEPARATE DEFENSE

These defendants are not liable for claims arising out of a failure to provide traffic signals or other markings **N.J.S.A**. 59:4-5.

**TWENTY-FIFTH SEPARATE DEFENSE**

These defendants are not liable for claims arising solely from the effect of weather conditions on the use of County roads **N.J.S.A**. 59:4-7.

**TWENTY-SIXTH SEPARATE DEFENSE**

Defendants, County of Essex, Essex County Sheriff's Office, Essex County Sheriff Amir D. Jones, Former Essex County Sheriff Armando B. Fontoura and Albert Hanna reserve the right to amend their answer and to assert additional defenses and/or supplement, alter or change the answer upon completion of appropriate investigation and discovery.

**AFFIRMATIVE DEFENSES**

**FIRST SEPARATE DEFENSE**

The plaintiff's claim is barred under the doctrine of laches and unclean hands.

**SECOND SEPARATE DEFENSE**

The claims against defendants, County of Essex, Essex County Sheriff's Office, Essex County Sheriff Amir D. Jones, Former Essex County Sheriff Armando B. Fontoura and Albert Hanna, are barred by the doctrines of res judicata and/or collateral estoppel.

**THIRD SEPARATE DEFENSE**

The claims against Essex County defendants are barred for failure to state a claim against defendants upon which relief can be granted.

**FOURTH SEPARATE DEFENSE**

The claims against Essex County defendants are barred by the Entire Controversy Doctrine.

**FIFTH SEPARATE DEFENSE**

The claims against Essex County defendants are barred by the Doctrine of Equitable Estoppel.

**SIXTH SEPARATE DEFENSE**

Plaintiff's claims are barred by applicable, law, rule, statute or regulations, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and accordingly, the claimant's claim is barred as a matter of law.

**SEVENTH SEPARATE DEFENSE**

The Essex County Defendants are immune from claims for failure to make an examination or to make an adequate examination. **N.J.S.A.** 59:6-4 related to any injury caused by the failure to provide medical facilities. **N.J.S.A**. 59:6-3.

**EIGHTH SEPARATE DEFENSE**

The Essex County defendants are immune from claims related to any injury caused by any act or omission concerning the public health, or control. **N.J.S.A.** 59:6-3.

**NINTH SEPARATE DEFENSE**

The Essex County defendants are immune from claims related to any injury caused by the plaintiff.

**TENTH SEPARATE DEFENSE**

The Essex County defendants are immune from claims related to any injury caused by any determination as to whether to confine a person, the terms of confinement, or whether to grant parole or leave, **N.J.S.A**. 59:6-6.

**ELEVENTH SEPARATE DEFENSE**

The Essex County defendants are free of any and all negligence.

**TWELFTH SEPARATE DEFENSE**

Any injuries or damages allegedly sustained by plaintiff were caused through the sole negligence of plaintiff.

**THIRTEENTH SEPARATE DEFENSE**

Any injuries or damages allegedly sustained by plaintiff were caused through the sole negligence of any co-defendants.

**FOURTEENTH SEPARATE DEFENSE**

Any injuries or damages which may have been sustained by plaintiff were caused through the sole negligence of third parties over whom the answering defendants had no control.

**FIFTEENTH SEPARATE DEFENSE**

The Essex County defendants deny that they or anyone in their stead violated any duties or created any conditions which were the proximate cause of the damages sustained by the plaintiff.

## SIXTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under **N.J.S.A.** 59:1-1, et seq., the New Jersey Tort Claims Act.

## SEVENTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically plead each and every defense, limitation or immunity provided to them under **N.J.S.A**. 59:2-1, et seq., particularly **N.J.S.A.** 59:2-3 and 59:2-4, 2:5, 2:6, 3-2, 3:6, and 3:7.

## EIGHTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense limitation or immunity provided to them under **N.J.S.A.** 59:3-3, et. seq.

## NINTEENTH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense, limitation or immunity provided to it under **N.J.S.A**. 59:4-1, et seq., including but not limited to, immunity for injuries caused solely by weather conditions under **N.J.S.A**. 59:4-7.

## TWENTIETH SEPARATE DEFENSE

The Essex County defendants affirmatively and specifically pleads each and every defense

## TWENTY-FIFTH SEPARATE DEFENSE

The Essex County defendants acted in accordance with the laws of the State of New Jersey and the United States of America.

**TWENTY-SIXTH SEPARATE DEFENSE**

The Essex County defendants acted in good faith and with reasonable and probable cause based on the then existing circumstances.

**TWENTY-SEVENTH SEPARATE DEFENSE**

The Essex County defendants acted with legal justification.

**TWENTY-EIGHTH SEPARATE DEFENSE**

The Essex County defendants took no action at any time to deprive the plaintiff of any federal, constitutional or statutory right of law.

**TWENTY-NINTH SEPARATE DEFENSE**

The Essex County defendants acted on reasonable grounds and without malice and, therefore, are not responsible for damages to the plaintiff.

**THIRTIETH SEPARATE DEFENSE**

The Essex County defendants acted within the scope of their authority and, therefore, have qualified immunity.

**THIRTY-FIRST SEPARATE DEFENSE**

The Essex County defendants acted within the scope of their authority and, therefore, have Absolute Immunity.

**THIRTY-SECOND SEPARATE DEFENSE**

The Essex County defendants acted within the scope of their authority and, therefore, have Governmental and Official Immunity.

**THIRTY-THIRD SEPARATE DEFENSE**

Mere negligence on the part of any public official is insufficient to support a claim under 42 U.S.C. Section 1983.

**THIRTY-FOURTH SEPARATE DEFENSE**

The Essex County defendants are not liable for punitive damages under the facts of this case.

**THIRTY-FIFTH SEPARATE DEFENSE**

The Plaintiff has failed to comply with the requirements of the Prison Litigation Reform Act of 1995, specifically, but not excluding 42 U.S.C. Sec. 1997 (e) (a) regarding the applicability of administrative remedies.

**THIRTY-SIXTH SEPARATE DEFENSE**

The answering defendants acted in good faith and within reasonable and probable cause based on then existing circumstances.

**THIRTY-SEVENTH SEPARATE DEFENSE**

The County of Essex does not have an unlawful custom, practice and/or policy that deprived the plaintiff of any constitutional right.

**THIRTY-EIGHTH SEPARATE DEFENSE**

The County of Essex was not negligent in the manner in which its employees were trained and/or supervised.

**THIRTY-NINTH SEPARATE DEFENSE**

The plaintiff has not served an Affidavit of Merit pursuant to New Jersey Law.

**FOURTIETH SEPARATE DEFENSE**

The Essex County defendants did not violate any constitutional or statutory right of plaintiff both under State and Federal law.

**JURY DEMAND**

The Essex County defendants demand a trial by jury as to all issues.

**NOTICE OF TRIAL COUNSEL**

Please take notice that Alan Ruddy, Esq., is hereby designated as Trial Counsel in the above captioned matter for the Office of the Essex County Counsel, pursuant to R. 4:24 et seq.

**CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION**

1. While denying any liability, should these defendants be adjudged liable, they demand contribution from any and all defendants as joint tortfeasors pursuant to the terms and provisions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:52A-l, et seq.) the Comparative Negligence Act (N.J.S.A. 2A:l5-5.l, et seq.) And the New Jersey Tort Claims Act (N.J.S.A. 59:9-3 et seq.)

2. These defendants assert that they are free from liability; but if said defendants are held liable, such liability will be vicarious in that it is merely constructive, technical or imputed; and under those circumstances, these defendants will be entitled to common law and/or contractual indemnity from all defendants.

JEROME M. ST. JOHN
ESSEX COUNTY COUNSEL

BY:

s/*Alan Ruddy*
ALAN RUDDY
ASSISTANT COUNTY COUNSEL

DATED: August 31, 2026

**CERTIFICATION PURSUANT TO R. 4:5-1**

It is hereby certified pursuant to Rule 4:-5-l as follows:

I. To the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding and no such other action or arbitration proceeding is contemplated.

2. This party knows at this time of no other parties that should be joined in this action.

*s/Alan Ruddy*
ALAN RUDDY
ASSISTANT COUNTY COUNSEL

DATED: August 31, 2026