**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OUMAR SAVANE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK; NEWARK POLICE DEPARTMENT; NEWARK POLICE CHIEF SHARONDA MORRIS, in Her Official and Individual Capacity; FORMER NEWARK POLICE CHIEF EMANUEL MIRANDA, in His Official and Individual Capacity; SHAKUR ALLEN-JONES, Individually; LUIS GALLEGOS-VELIZ, Individually; ERIK BLOUNT, Individually; ESSEX COUNTY SHERIFF'S OFFICE; ESSEX COUNTY SHERIFF AMIR D. JONES, in His Official and Individual Capacity; FORMER ESSEX COUNTY SHERIFF ARMANDO B. FONTOURA, in His Official and Individual Capacity; ALBERT HANNA, Individually; JOHN/JANE DOES 1-10 (fictitious defendants) and ABC ENTITIES 1-10 (fictitious entities), jointly, severally, and in the alternative,<br><br>Defendants. | Civil Action No.<br>2:26-cv-05750-MEF-JSA<br><br>Hon. Michael E. Farbiarz, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br>Civil Action<br><br>**PROPOSED JOINT DISCOVERY PLAN** |

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

   A. Plaintiff Oumar Savane

   Samuel D. Jackson, Esq.
   Ratliff Jackson, LLP
   811 Church Road, Suite 105
   Cherry Hill, New Jersey 08002
   Telephone: (856) 209-3111
   Email: Sam@RatliffJackson.com

B. Newark Defendants

Cheyne R. Scott, Esq.
Chasan Lamparello Mallon & Cappuzzo, PC
300 Lighting Way, Suite 200
Secaucus, New Jersey 07094
Telephone: (201) 348-6000
Email: cscott@chasanlaw.com

Attorneys for Defendants City of Newark; Newark Police Department (improperly pled); Newark Police Chief Sharonda Morris; Former Newark Police Chief Emanuel Miranda; Shakur Allen-Jones; Luis Gallegos-Veliz; and Erik Blount.

C. Essex County Defendants

Alan Ruddy, Esq., Assistant County Counsel
Office of the Essex County Counsel
Hall of Records, Room 535
465 Dr. Martin Luther King, Jr., Blvd.
Newark, New Jersey 07102
Telephone: (973) 621-5021
Email: aruddy@counsel.essexcountynj.org

Attorneys for Defendants County of Essex; Essex County Sheriff's Office; Essex County Sheriff Amir D. Jones; Former Essex County Sheriff Armando B. Fontoura; and Albert Hanna.

**2. Set forth a brief description of the case, including the causes of action and defenses asserted.**

A. Plaintiff

Plaintiff Oumar Savane alleges that a September 19, 2024 traffic stop resulted in an unlawful search, arrest, prosecution, and approximately seven months of incarceration, and that a November 30, 2025 traffic stop resulted in an unlawful seizure of his person and property in retaliation for his notice of an intended lawsuit. The Complaint asserts claims under 42 U.S.C. § 1983 for false arrest and imprisonment, malicious prosecution, withholding exculpatory evidence, fabrication and suppression of evidence, deprivation of liberty and property without due process, unreasonable seizure, municipal liability based on policy or custom and failure to train or supervise, and failure to intervene; claims under the New Jersey Civil Rights Act; and claims for tortious or unconstitutional conduct against fictitious defendants.

B. Newark Defendants

1. The City of Newark and the improperly pleaded Newark Police Department) deny the allegations of wrongdoing made against them and contend that Plaintiff

cannot establish that any municipal policy, custom, or deliberately indifferent failure to train or supervise caused a violation of his constitutional rights, as required to impose liability under 42 U.S.C. § 1983. The City denies liability under the New Jersey Civil Rights Act and the remaining claims asserted against it and relies upon the defenses set forth in its Answer.

2. The individual Newark Defendants deny that they engaged in any unlawful or improper conduct or violated Plaintiff's constitutional or statutory rights. They maintain that they acted lawfully, in good faith, and without malice, and assert that they are entitled to qualified immunity. Chief Morris and Former Chief Miranda further contend that Plaintiff cannot establish their personal involvement in any alleged constitutional violation and cannot impose individual liability based solely on their supervisory positions. The individual Newark Defendants rely upon the additional defenses set forth in their Answer.

C. Essex County Defendants

The Essex County Defendants deny the allegations in Plaintiff's Complaint.

**3. Have settlement discussions taken place?**

☐ Yes ☒ No

(a) Plaintiff's last demand: (1) Monetary: N/A. (2) Non-monetary: N/A

(b) Defendants' last offer: (1) Monetary: N/A. (2) Non-monetary: N/A.

**4. The parties have / have not met pursuant to Fed. R. Civ. P. 26(f).**

☒ Have ☐ Have not

**5. The parties have / have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

☐ Have ☒ Have not

The City defendants have served responses required by Fed. R. Civ. P. The remaining parties respectfully request two more weeks to complete these disclosures.

**6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

None.

**7. The parties have / have not filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.**

☐ Have ☒ Have not

**8. The parties have / have not conducted discovery other than the above disclosures. If so, describe.**

☐ Have ☒ Have not

**9. Proposed joint discovery plan**

**(a) Discovery is needed on the following subjects**

The circumstances of the September 19, 2024 and November 30, 2025 stops, searches, arrests, and seizures; the grounds for the challenged actions and each defendant's involvement; the criminal investigation, prosecution, detention, and disposition; police reports, recordings, communications, and the preservation and disclosure of evidence; relevant policies, practices, training, supervision, and disciplinary records; the alleged retaliation; and causation and damages, including claimed emotional distress and economic losses. Discovery will include relevant documents and electronically stored information, written discovery, and party and nonparty depositions, followed by expert discovery.

**(b) Discovery should / should not be conducted in phases or be limited to particular issues**

☐ Should ☒ Should not

Discovery should proceed in two phases: fact discovery, followed by expert discovery.

**(c) Proposed schedule**

(1) Fed. R. Civ. P. 26 disclosures: November 20, 2026

(2) E-discovery conference under L. Civ. R. 26.1(d): N/A

(3) Service of initial written discovery: December 18, 2026

(4) Maximum interrogatories by each party to each other party: 25, including discrete subparts

(5) Maximum depositions: 15 fact depositions per side, excluding Rule 30(b)(6) and expert deposition(s)

(6) Motions to amend or add parties: April 2, 2027

(7) Completion of fact discovery: June 11, 2027

(8) Plaintiff's expert reports: July 30, 2027

(9) Defendants' expert reports: September 15, 2027

(10) Completion of expert depositions: November 1, 2027

(11) Dispositive motions: Within 60 days after completion of discovery, subject to required leave of Court

(12) Special discovery mechanism or procedure requested N/A.

(13) A pretrial conference may take place on ____________________________

(14) Trial date ____________________________ ☒ Jury Trial ☐ Non-Jury Trial

**10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

☐ Yes ☒ No

**11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

☐ Yes ☒ No

**12. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

☒ Yes ☐ No

**13. Do you anticipate any discovery problems not listed above?**

☐ Yes ☒ No

**14. State whether this case is appropriate for voluntary arbitration or mediation. If not, explain why and whether such a procedure may be appropriate at a later time.**

No, not at this time.

**15. Is this case appropriate for bifurcation?**

☐ Yes ☒ No

**16. An interim status/settlement conference (with clients in attendance) should be held in**

N/A.

**17. We do / do not consent to the trial being conducted by a Magistrate Judge.**

☐ Do ☒ Do not

**18. Identify any other issues to address at the Rule 16 Scheduling Conference.**

N/A.

**Respectfully submitted,**

**RATLIFF JACKSON, LLP**
Attorneys for Plaintiff, Oumar Savane

By: /s/ *Samuel D. Jackson*
Samuel D. Jackson, Esq.

Dated: November 16, 2026

**CHASAN LAMPARELLO MALLON & CAPPUZZO, PC**
Attorneys for Defendants City of Newark; Newark Police Department (improperly pled); Newark Police Chief Sharonda Morris; Former Newark Police Chief Emanuel Miranda; Shakur Allen-Jones; Luis Gallegos-Veliz; and Erik Blount

By: /s/ *Cheyne R. Scott*
Cheyne R. Scott, Esq.

Dated: November 16, 2026

**JEROME M. ST. JOHN, ESSEX COUNTY COUNSEL**
Attorneys for Defendants County of Essex; Essex County Sheriff's Office; Essex County Sheriff Amir D. Jones; Former Essex County Sheriff Armando B. Fontoura; and Albert Hanna

By: /s/ *Alan Ruddy*
Alan Ruddy, Esq.,
Assistant County Counsel

Dated: November 16, 2026